UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAZON GATES,** | ) | **CASE NO. 1:05CR315** |
| | ) | **1:15CV1809** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Razon Gates' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 747.  The petition is DISMISSED.

In his motion, Gates concedes that this matter was not filed within one year of the date upon which his conviction became final.  28 U.S.C. § 2255(f)(1).  Gates, however, contends that his motion is timely under 28 U.S.C. § 2255(f)(3) which provides that a one year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"   Gates contends that *Johnson v. United States*, 135 S.Ct. 2551 (2015) recognized a new right and that it should be made retroactive.

> *Johnson* held that a portion of the ACCA violates defendants' constitutional right to due process, overruling two prior Supreme Court cases that had concluded otherwise. *See* 135 S.Ct. at 2562–63. The Court thus applied a constitutional principle in a decision that was contrary to, rather than dictated by, its own precedent. Therefore, we hold that *Johnson* announced a new rule of constitutional law. *See Price v. United States*, ––– F.3d –––, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (holding *Johnson* announced a new rule of constitutional law); *In re Rivero*, ––– F.3d –––, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (same).

1

*In re Gieswein*, No. 15-6138, 2015 WL 5534388, at *2 (10th Cir. Sept. 21, 2015)

However, "the Supreme Court is the only entity that can 'make' a new rule retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (brackets omitted).  "[A]  new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  *Id.*  "The Supreme Court has not held in one case, or in a combination of holdings that dictate the conclusion, that the new rule of constitutional law announced in *Johnson* is retroactive to cases on collateral review."  *In re Gieswein, supra*, at *5.  Accordingly, Gates cannot satisfy the requirements of 28 U.S.C. § 2255(f)(3).  His motion to vacate, therefore, is time barred.

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: September 28, 2015         /**s**/ *John R. Adams*
                                  **JOHN R. ADAMS**
                                  **UNITED STATES DISTRICT JUDGE**