ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAZON GATES, | ) | |
| | ) | CASE NO. 1:05CR315 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Razon Gates' motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Gates' petition was returned to this Court by the Sixth Circuit by agreement of the parties. Specifically, the parties' agreed that an intervening decision by the United States Supreme Court necessitated further review by this Court. Consistent with that view, Gates updated his petition on June 24, 2016. Doc. 58. The Government responded in opposition to that updated motion on October 13, 2016. Doc. 63. The Court now resolves the pending motion.

Gates' petition was returned to this Court because the parties agreed that the issues presented were related to *Johnson v. United States*, 135 S.Ct. 2551 (2015). Moreover, the parties further agreed that this Court would have to reconsider the matter because *Welch v. United States*, 136 S.Ct. 1257 (2016) made the ruling in *Johnson* retroactive. As such, the Court must resolve the current motion to vacate with that background in mind.

Initially, the Court would note that it is highly unlikely that Gates' petition is timely. Gates asserts that his motion is timely under 28 U.S.C. § 2255(f)(3) which provides that a one year

limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"  In so doing, Gates is correct that the ruling in *Johnson* was found to be retroactive.  However, the arguments raised by Gates are not tied to the holding in *Johnson* that was found to be retroactive.

> By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes." Before *Johnson*, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence.

*Welch*, 136 S. Ct. at 1265 (citation omitted).  Were Gates' arguments focused upon the residual clause, there is no question that he could present his motion to this Court.  Gates, however, focuses upon the elements clause of the ACCA.  Perhaps anticipating that the Government would attempt to salvage Gates' sentence by relying on that clause, Gates seeks to argue that *Johnson* also fundamentally altered the elements clause and its reach.  However, no court, and certainly not the Supreme Court, has extending the retroactive application of *Johnson* beyond its invalidation of the residual clause.  As such, the Court finds it unlikely that Gates can raise his challenge to the elements clause in this matter.

Assuming *arguendo* that Gates could challenge the application of the elements clause in this matter, the Government has amply demonstrated that past Sixth Circuit precedent forecloses both of Gates' arguments.  The Sixth Circuit has previously found that Ohio's robbery statute could properly be used as a predicate offense under the ACCA.  *See United States v. Mansur*, 375 Fed. Appx. 458 (6th Cir. 2010).  As highlighted in the Government's opposition, numerous

post-*Johnson* cases have reached this same conclusion. See Doc. 63 at 5-6. From this Court's review, no court has reached a contrary conclusion. Accordingly, Gates' argument that *Johnson* fundamentally altered the "force" necessary under the elements clause has not found support in any written decision.

Similarly, Gates' argument that Ohio's robbery statute lacks a mens rea element has been rejected within the Sixth Circuit. *See United States v. White*, 2016 U.S. Dist. LEXIS 93818 (N.D.Ohio July 19, 2016). In so doing, Judge Gwin relied upon *State of Ohio v. Tolliver*, 140 Ohio St. 3d 420 (Ohio 2014). This Court finds no fault in the logic espoused in *White* and reaches the same conclusion.

Accordingly, neither of Gates' challenges to the elements clause of the ACCA have merit. His supplemental § 2255 motion must be denied.

For the foregoing reasons, Gates' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

   February 7, 2017                                 /s/John R. Adams
Date                                               John R. Adams
                                                                 U.S. District Judge